UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUONG L. TRAN, | § | |
|     *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-11-1543 |
| | § | |
| PATRICK DONAHOE, POSTMASTER GENERAL | § | |
| AND UNITED STATES POSTAL SERVICE, | § | |
|     *Defendants*. | § | |

**MEMORANDUM AND ORDER**

This employment dispute is before the court on defendants' (collectively the USPS's) motion to dismiss and for summary judgment (Dkt. 14). Plaintiff did not file a response. The USPS's motion is granted.

**Background**

Plaintiff Huong L. Tran is a Vietnamese female previously employed by the USPS as a full-time mail processing clerk at the Houston Processing & Distribution Center. When Tran's position was eliminated, she was informed of the opportunity to be placed in a position as a full time City mail carrier, but was warned that she must first meet the minimum qualifications of the position. On August 11, 2009, she was reassigned as a mail carrier but was told that she had the option to remain a part-time mail processing clerk. She declined the part-time position and reported for mail carrier training on August 15, 2009. She failed one of the tests required for the mail carrier position. She was notified that her employment with the USPS would terminate effective October 30, 2009. Upon

learning she'd be terminated, she attempted to resign from her mail processing clerk position under an " early out incentive option" she'd apparently learned about on-line. Unfortunately, at that time she was no longer a mail processing clerk and the early out incentive option had not been made available to her as a mail carrier. She filed an EEO claim. An administrative law judge decided that the USPS had not discriminated against her based on race, national origin, or retaliation. Tran filed this federal lawsuit within 90 days of receiving a Notice of Final Action.

**Civil Service Reform Act**

The Civil Service Reform Act (CSRA) of 1978 " established a comprehensive system for reviewing personnel action taken against federal employees." *Elgin v. Department of the Treasury*, 132 S. Ct. 2126, 2127 (2012) (quoting *United States v. Fausto*, 484 U.S. 439, 455 (1988)). While claims under certain anti-discrimination statutes, including Title VII, are excluded from its coverage, the CSRA precludes most claims by a covered federal employee based on an adverse employment decision. *Id.* at 2132-40; *Bush v. Lucas*, 462 U.S. 367, 385-90 (1983); *Rollins v. Marsh*, 937 F.2d 134, 137-40 (5th Cir. 1991). To the extent plaintiff's complaint asserts state law claims for wrongful termination, breach of contract, fraud, and fraud by non-disclosure, such claims must be dismissed for lack of jurisdiction.

**Title VII**

The USPS argues that plaintiff's complaint, while referencing her EEO discrimination claim, fails to state a claim under Title VII. Alternatively, the USPS argues that it is entitled to summary judgment because Tran has not made a prima facie case of discrimination, and it had a legitimate reason for terminating her that is not a pretext for discrimination.

The court agrees that the complaint does not currently state a claim under Title VII. Despite its lack of artfulness, the complaint's extensive reference to Tran's EEO case indicates she may have intended to do so. A plaintiff often will be granted leave to amend prior to dismissal pursuant to Federal Rule 12(b)(6). However, in this case the USPS made its motion pursuant to Federal Rule 56(c). The USPS has presented evidence that Tran resigned from the USPS after failing a required test for the mail carrier position. The evidence shows that Tran's separation from employment had nothing to do with race, national origin, or retaliation.

Tran did not respond to the motion and provided no evidence to create a genuine issue of material fact on any discrimination claim. Therefore, the USPS's motion for summary judgment on Tran's Title VII claims is granted.

**Conclusion**

For the reasons stated above, defendants' motion to dismiss and for summary judgment (Dkt. 14) is granted. Plaintiff's claims are dismissed with prejudice. The court will issue a separate final judgment.

Signed at Houston, Texas on October 18, 2012.

Stephen Wm Smith
United States Magistrate Judge